UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WILBUR LANN PITTMAN, CDCR #BW-6431,<br><br>                       Plaintiff,<br><br>      vs.<br><br>M. HAJEMANN, CCI Correctional Counselor, et al.,<br><br>                  Defendants. | Case No.  26-CV-00141-TWR (BLM)<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g), AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF No. 2) |

Plaintiff Wilbur Lann Pittman, a prisoner at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, proceeding pro se, filed a civil rights Complaint, ("Compl.," ECF No. 1), pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed *In Forma Pauperis*, ("IFP Mot.," ECF No. 2), in the Eastern District of California on December 29, 2025.  Because Plaintiff seeks to sue officials at the California Department of Corrections and Rehabilitation's Male Community Reentry Program ("MCRP") in San Diego, and all Defendants are alleged to be employed at MCRP in San Diego, United States Magistrate Judge Stanley A. Boone determined Plaintiff's claims

1

arose in the Southern District of California, and transferred his case here pursuant to 28 U.S.C. § 1406(a).  (*See* ECF No. 3.)

# I.   IFP MOTION

## A.   *Legal Standard*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing 'imminent danger of serious physical injury.'" *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.'").  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim," *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's

26-CV-00141-TWR (BLM)

application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

### B.    Analysis

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. This is one of those instances, as a review of Plaintiff's district court dockets[1] confirms he is no longer eligible to proceed IFP because while incarcerated, he has had more than three prior prisoner civil actions dismissed for a "qualifying reason" under Section 1915(g). *Hoffman v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019). The following records are sufficient to show Plaintiff has seven qualifying strikes:

(1)    *Pittman v. Van Stralen, et al.,* Case No. 5:08-cv-01747-UA-PLA (C.D. Cal. Dec. 16, 2008) (Order denying leave to file action without prepayment of filing fees and finding complaint to be "legally and/or patently frivolous" pursuant to 28 U.S.C. § 1915(e)(2)) (ECF No. 7 at 1–3);

(2)    *Pittman v. Martel,* Case No. 5:08-cv-01899-UA-PLA (C.D. Cal. Jan. 14, 2009) (Order denying leave to file action without prepayment of filing fees and finding complaint to be "legally and/or patently frivolous" pursuant to 28 U.S.C. § 1915(e)(2)) (ECF No. 5 at 1–3);

---

[1]    Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of the docket records in Plaintiff's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Raygoza -Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

26-CV-00141-TWR (BLM)

(3)    *Pittman v. Stacie,* Case No. 5:08-cv-01900-UA-PLA (C.D. Cal. Jan. 14, 2009) (Order denying leave to file action without prepayment of filing fee and finding complaint to be "legally and/or patently frivolous" pursuant to 28 U.S.C. § 1915(e)(2)) (ECF No. 5 at 1–3);

(4)    *Pittman v. Pearson, et al.*, Case No. 2:08-cv-02805-FCD-DAD (E.D. Cal. April 6, 2009) (Order and Findings and Recommendations ["F&Rs"] to dismiss action for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and (2)) (ECF No. 4 at 1–3); *id.*, 2009 WL 1456552, at *1 (E.D. Cal. May 22, 2009) (Order adopting F&Rs) (ECF No. 5);

(5)    *Pittman v. Blindzius*, Case No. 2:08-cv-02809-JAM-DAD (E.D. Cal. April 6, 2009) (Order and F&Rs to dismiss action for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF No. 3 at 1–3); *id.* (E.D. Cal. June 24, 2009) (Order adopting F&Rs) (ECF No. 4);

(6)    *Pittman v. Grannis*, Case No. 2:08-cv-02806-JAM-DAD (E.D. Cal. April 6, 2009) (Order granting IFP and dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b) with leave to amend) (ECF No. 3); *id.*, (E.D. Cal. May 21, 2009) (Order and F&Rs to dismiss for failing to amend/comply with court order) (ECF No. 4 at 1); *id.*, (E.D. Cal. July 21, 2009) (Order adopting F&Rs) (ECF No. 5 at 2);[2] and

(7)    *Pittman v. Pearson*, Case No. 2:08-cv-0213-LKK-DAD (E.D. Cal. April 6, 2009) (Order and F&Rs to dismiss action for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF No. 3 at 1–3); *id.*, (E.D. Cal. July 31, 2009) (Order adopting F&Rs) (ECF No. 4 at 1–2).

Because Plaintiff accumulated these prior strike dismissals while incarcerated, he may not proceed IFP in this case unless he meets Section 1915(g)'s "imminent danger"

---

[2]    *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) (finding that a failure to amend does "not negate the determination already made by the Court that the complaint [plaintiff] had filed . . . failed to state a claim."). "A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend." *Id.* at 1143.

26-CV-00141-TWR (BLM)

exception.[3]  To do so, his pleadings must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).  Imminent danger requires plausible allegations of harm "ready to take place," or "hanging threateningly over one's head," *id.* at 1056, and must also "stem[] from the violations of law alleged in [the] complaint." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).  The exception "functions as a limited safety valve," *id.*, but it "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021).

Plaintiff's Complaint fails to include any plausible allegations of imminent or ongoing physical danger whatsoever.  Instead, Plaintiff, who is now incarcerated at SATF, claims MCRP officials in San Diego either lost or stole his property, including $977 in cash and two checks in the amount of $1,957.  (*See* Compl. at 3, 6.)  Civil actions seeking "only financial redress for allegedly lost property" clearly do not qualify for Section 1915(g)'s imminent danger exception. *Valentine v. USP Victorville*, No. 5:25-CV-03050-SVW-JDE, 2026 WL 194574, at *2 (C.D. Cal. Jan. 23, 2026); *see also Braley v. Hicks*, No. 1:23-CV-0206-JLT-SAB PC, 2023 WL 4089118, at *1 (E.D. Cal. June 20, 2023) (finding the prisoner plaintiff's allegations of the "loss of personal property" did not satisfy the imminent danger of serious physical injury' exception to Section 1915(g)).

Therefore, the Court finds Plaintiff is not entitled the "privilege" to proceed IFP in this case. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984); *see also Harris*, 863 F.3d at 1139 ("A negative consequence that may impact a prisoner who files [] frivolous complaint[s] is a restriction on [his] ability to file future cases without prepaying filing

---

[3]    In fact, Plaintiff has been denied IFP privileges pursuant to Section 1915(g) in this Court since 2009. *See Pittman v. Kenndy, et al.*, Case No. 3:09-cv-0544-JAH-RBB (S.D. Cal. May 6, 2009) (Order denying motion to proceed IFP pursuant to 28 U.S.C. § 1915(g) and dismissing civil action) (ECF No. 8 at 3–4).  Judge Houston's Order further notes that as of November 2008, Plaintiff had filed "more than 100 civil rights actions in the Central, Southern and Eastern Districts of California." *Id.* at 3 n.2.

26-CV-00141-TWR (BLM)

fees."). Because Plaintiff did not pay the full $405 statutory and administrative filing fee required by 28 U.S.C. § 1914(a) at the time he filed this case, his litigation history shows he is no longer eligible to proceed IFP, and he does not allege to have faced imminent danger of serious physical injury at the time of filing, his suit must be dismissed. *See Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed[.]").

## II.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g) and **DISMISSES WITHOUT PREJUDICE** this civil action based on Plaintiff's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a). Unless Plaintiff pays the $405 civil filing fee within forty-five (45) days of the date this Order is filed, the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED.**

Dated: March 31, 2026

Honorable Todd W. Robinson
United States District Judge

26-CV-00141-TWR (BLM)